BENNY DeMARIA and ANTONIETTA DeMARIA, Respondents, v. BELLE BELLASK and SAUL BELLASK, Appellants.— In an action to recover damages for personal injuries by an infant plaintiff and for loss of services by the adult plaintiff, his mother, order setting aside the jury's verdict and granting a new trial upon the ground that the amounts awarded to the plaintiffs respectively were inadequate unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

NELLIE FEWER, as Administratrix, etc., of JOHN FEWER, Deceased, Respondent, v. GEROSA CRANE SERVICE Co., INC., Appellant.— In an action to recover damages for death by wrongful act, neglect or default, no question is presented as to the negligence or contributory negligence, but the principal question at issue is, In whose employ was the man who operated the crane negligently? On the first trial plaintiff had a verdict, which was reversed on appeal on the ground that it was against the weight of evidence, finding that the operator was the employee of the defendant (248 App. Div. 621). On the new trial the same result was reached, and plaintiff had judgment against the defendant. The question presented was one of fact, and the evidence supports the verdict. Judgment unanimously affirmed, with costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

JOSEPHINE FURIATI and BIAGIO A. FURIATI, Appellants, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— The plaintiff wife brought an action to recover for personal injuries sustained when she slipped on a piece of ice on the step of defendant's trolley car, which she was about to enter, and fell backward to the roadway. Her husband joined in the action, suing to recover for expenses incurred and for loss of services. A verdict was rendered in favor of plaintiffs in the sums of $3,000 and $1,500 respectively. The trial court, on motion, set the verdict aside and dismissed the complaint, on the theory, apparently, that negligence on the part of defendant was not shown. Plaintiffs appeal from the order of dismissal and the judgment. Order and judgment reversed on the law, with costs, motion denied, without costs, verdict reinstated, and judgment directed to be entered thereon, with costs. There was evidence sufficient to warrant the jury in finding that the piece of ice on which Mrs. Furiati slipped adhered to the step, creating a dangerous condition, with notice of which defendant was impliedly chargeable, and there is nothing in the record to show that she was chargeable with negligence contributing to her injury. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.